UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 03-214** |
| **LARRY STANLEY JOSEPH III** | **SECTION: "S" ()** |

ORDER AND REASONS

Before the court is defendant's Motion for Sentence Reduction Pursuant to U.S.S.G. § 5G1.3(b) (Doc. #254). For the reasons stated below, the motion is construed as a motion to enforce the sentence imposed, and is **GRANTED**.

On July 11, 2003, defendant, Larry Stanley Joseph, III, was indicted in the above captioned matter. He was arrested on August 21, 2003. On October 29, 2003, Joseph's supervised release in Criminal Action No. 96-275, pending in the Untied States District Court for the Eastern District of Louisiana was revoked, and The Honorable Kurt D. Englehardt sentenced Joseph to serve 12 months imprisonment to run consecutively to any term of imprisonment imposed in this case. On October 19, 2007, The Honorable Mary Ann Vial Lemmon sentenced Joseph to serve 136 months imprisonment in this matter to run concurrently to any term of imprisonment imposed in Criminal Action No. 96-275, and specified that Joseph's term of imprisonment be calculated from the date of his arrest, August 21, 2003.

On June 19, 2008, a letter to the court from Joseph was docketed in this matter. In the letter, Joseph explained that the Bureau of Prisons was calculating his jail time from August 19, 2004. He contended that he was told that his sentence in this matter could not run concurrently with his sentence in Criminal Action No. 96-275, because that sentence was completed before he was sentenced in this matter. The court issued an order stating that Joseph's projected release date is to be based on his date of detention, August 21, 2003.

On November 1, 2010, Joseph filed the present motion in which he argues that the Bureau of Prisons continues to compute his projected release date from August 19, 2004, instead of August 21, 2003. The government argues that the projected release date is correct because Judge Englehardt ordered that the sentences run consecutively.

In United States v. Quintana-Gomez, 521 F.3d 495, 498 (5th Cir. 2008) the United States Court of Appeals for the Fifth Circuit held that a district court does not have "authority to order that its sentence run consecutively to an anticipated by not-yet-imposed federal sentence." See also 18 U.S.C. § 3854. The judge in Criminal Action No. 96-275 did not have authority to order defendant's sentence in that matter to run consecutively with his sentence in this matter before the sentence in this matter was imposed. Therefore, the sentences will run concurrently, as ordered by this court.

**IT IS HEREBY ORDERED** that Joseph's motion is **GRANTED**, and the Bureau of Prisons compute Joseph's projected date of release based on his detention as of August 21, 2003.

New Orleans, Louisiana, this  16th  day of December, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**